IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | : : | |
| Plaintiff, | : : | 1:09-cv-674 |
| | : | Hon. John E. Jones III |
| v. | : : | |
| | : | Hon. Martin C. Carlson |
| EDWARD FOGEL AND MAUREEN FOGEL, | : : | |
| Defendants. | : | |

## MEMORANDUM

## July 29, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 67), filed on June 7, 2010, which recommends that we: (1) grant the Motion for Summary Judgment of Plaintiff Amica Mutual Insurance Company ("Plantiff" or "Amica); (2) deny the cross-Motion for Summary Judgment of Defendants Edward and Maureen Fogel ("Defendants" or "the Fogels"); and (3) grant summary judgment in favor of the Plaintiff on Defendant's counterclaim for bad faith under 42 Pa. C. S. A. § 8317.

Defendants filed objections to the R&R on June 18, 2010. (Docs. 68 and 69). Plaintiff opposed the Defendants' objections on July 8, 2010. (Doc. 71). Defendants filed a reply on July 2, 2010. (Doc. 70). Accordingly, this matter is

1

ripe for our review. For the reasons that follow, we shall overrule the Defendants' objections and adopt the R&R in its entirety.

I.   **STANDARDS OF REVIEW**

   A.   **Review of Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

   B.   **Summary Judgment**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed

in the light most favorable to the non- moving party.  *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982).  Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment."  *Anderson*, 477 U.S. at 247-48.

## III. DISCUSSION

### A. FACTUAL BACKGROUND

The facts of this case, which are essentially undisputed, are well known to the parties and the Court, thus we shall only briefly summarize them herein.  This is a declaratory judgment action in which the parties dispute whether Pennsylvania or New Jersey law should apply to an automobile insurance policy issued by Amica to the Fogels.  The policy was negotiated and delivered in New Jersey.  At the time of the negotiation and delivery, Amica was (and remains) a New Jersey based insurance company and the Fogels were New Jersey residents.  The Fogels were subsequently involved in a tragic traffic accident that resulted in the fatality

of one of their children. The accident occurred in Pennsylvania after the Fogels had moved from New Jersey to Pennsylvania but before they had changed their driver's licenses, registration, and insurance to reflect their new status as Pennsylvania residents.

## B. RECOMMENDATION

Within the R&R, Magistrate Judge Carlson undertook a choice of law analysis, using Pennsylvania choice of law principles, and as a result of that scrupulous analysis, he recommended that New Jersey law be applied to the automobile insurance policy at issue. Thus, Magistrate Judge Carlson recommends that the Plaintiff's motion for summary judgment be granted and the Defendants' cross-motion for summary judgment be denied.

Magistrate Judge Carlson further recommends that summary judgment be granted in favor of the Plaintiff on Defendants' counterclaim for bad faith brought pursuant to 42 Pa. C.S.A. § 8317.

## C. OBJECTIONS

The Defendants' objections to the R&R voice their disagreement with the recommendations offered by the Magistrate Judge, but offer the Court no reason to reject his recommendations. First, Defendants' assert that Magistrate Judge Carlson came to the incorrect conclusion after application of Pennsylvania's choice

of law test to the matter *sub judice*.  Thus, Defendants' assert that Pennsylvania law, not New Jersey law, should be applied to the policy at issue.  Second, Defendants disagree with Magistrate Judge Carlson's recommendation that summary judgment be granted in favor of the Plaintiff with respect to Defendants' counterclaim for bad faith.

As noted above,  28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  Our review of Magistrate Judge Carlson's R&R reveals a careful, well-reasoned and  exhaustive analysis of the parties' motions and claims.  We find absolutely no reason to disturb the Magistrate Judge's recommendation and shall adopt the same.

We do, however, feel compelled to address an argument made by the Defendants that the Court finds to be flatly incorrect.  Defendants argue that it was "impossible" to follow Amica's procedure to obtain drivers licenses and register vehicles when moving from New Jersey to Pennsylvania.  To be clear, Amica requires an insured moving from one state to another to obtain a driver's license and registration in the new state prior to issuing the new automobile insurance policy, and it is Pennsylvania's procedure to require proof of insurance prior to registering a vehicle in the Commonwealth.  Thus, in order to register a vehicle in

Pennsylvania, the vehicle registration office and the insurance company essentially must "swap" information simultaneously to meet both Amica's and the Commonwealth's procedure. Upon notice from the notary that the vehicle is about to be registered in Pennsylvania, Amica will fax or otherwise deliver to the notary the registrant's proof of insurance. Thus, the argument that the Fogels could not have followed Amica's procedures with respect to achieving a Pennsylvania automobile insurance policy due to impossibility is meritless.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Defendants' objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.